COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
efox@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TAWNYA NILSEN,<br><br>           Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, a Foreign Limited-Liability Company, SANTANDER CONSUMER USA, INC., a Foreign Company, TRANSUNION, LLC, a Foreign Limited-Liability Company, EXPERIAN INFORMATION SOLUTIONS, INC., a Foreign Corporation,<br><br>           Defendants. | Case Number<br>2:18-cv-00272-GMN-NJK<br><br>**RENEWED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(B)** |

Plaintiff Tawnya Nilsen ("Plaintiff"), Defendant Equifax Information Services, LLC ("Defendant Equifax"), Defendant Santander Consumer USA, Inc. ("Defendant Santander"), Defendant Transunion, LLC ("Defendant Transunion") and Defendant Experian Information Solutions, Inc. ("Defendant Experian"), held a telephonic conference on April 26, 2018, and by and through their respective counsel of record, file this, their Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

…

# ~~PROPOSED~~ SCHEDULE

## I. FED. R. CIV. P. 26(A) INITIAL DISCLOSURE:

Parties have agreed to exchange initial disclosures no later than May 10, 2018, which is 14 days after the Rule 26 Conference was held. The parties expressly agree any document productions shall be bates-stamped with the parties' respective identifying bates system. Other than this, no changes are necessary in the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

## II. ESTIMATE OF TIME REQUIRED FOR DISCOVERY:

Discovery will take 180 days from March 6, 2018, which is the date Defendant Equifax filed their Answer to Plaintiff's Complaint, the first responsive pleading. Accordingly, all discovery must be completed no later than September 4, 2018. The parties may conduct discovery within the scope of Fed. R. Civ. P. 26(b). Subject to the foregoing, discovery need not be limited or focused on particular issues or conducted in phases.

## III. AMENDING THE PLEADINGS AND ADDING PARTIES:

Unless stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the discovery cut-off date, and therefore not later than June 6, 2018.

## IV. FED. R. CIV. P. 26(A)(2) DISCLOSURES (EXPERTS):

In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made 60 days prior to the discovery cut-off date, and therefore not later than July 6, 2018 and disclosures of rebuttal experts shall be made 30 days after the initial disclosure of experts, and therefore not later than August 6, 2018.

## V. DISPOSITIVE MOTIONS:

The parties shall file dispositive motions 30 days after the discovery cut-off date, and therefore not later than October 4, 2018.

## VI. PRETRIAL ORDER:

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the date set for filing dispositive motions, and therefore not later than November 5, 2018. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

## VII. INTERIM STATUS REPORTS:

In accordance with Local Rule 26-3, an Interim Status Report will be filed by the parties with the Court 60 days prior to the discovery cut-off date, and therefore not later than July 6, 2018.

## VIII. EXTENSIONS OR MODIFICATIONS OF THE DISCOVERY PLAN AND SCHEDULING ORDER:

LR 26-4 governs modifications or extensions to this discovery plan and scheduling order.

## IX. PROVIDING "SHELLS" OR WORD VERSIONS TO OPPOSING COUNSEL FOR ALL WRITTEN DISCOVERY PROPOUNDED:

The parties agree that for each set of written discovery propounded upon the other, an accompanying "word" or "word perfect" version of said discovery set shall be provided in order to reduce the time and effort in having to type out the requests or interrogatories. The failure to do so does not deem service of the written discovery ineffective.

## X. ELECTRONICALLY STORED INFORMATION AND ELECTRONIC EVIDENCE:

The parties have discussed the retention and production of electronic data. The parties agree that service of discovery via electronic means, including electronic files copied to compact disc, pursuant to Fed. R. Civ. 5(b), is sufficient, and the parties retain the right to receive three additional days for mailing provided for in Fed. R. Civ. P. 6(d). The parties reserve the right to

revisit this issue if a dispute or need arises. The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations.

## XI. PROTECTION OF PRIVILEGED/TRIAL PREPARATION MATERIAL:

If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within 30 days of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently-produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies. If the receiving party disputes that the items are privileged or trial preparation materials, it will within 30 days of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the receiving party disclosed the inadvertently-produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

## XII. ALTERNATIVE DISPUTE RESOLUTION:

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

## XIII. LR II 26-1(B) CERTIFICATIONS:

The parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program.

| | | |
|---|---|---|
| Dated this 30th day of April, 2018.<br>**COGBURN LAW OFFICES** | | Dated this 30th day of April, 2018.<br>**SNELL & WILMER, LLP** |

By: */s/ Erik W. Fox*
Name: Jamie S. Cogburn, Esq.
      Nevada Bar No. 8409
      Erik W. Fox, Esq.
      Nevada Bar No. 884
      2580 St. Rose Parkway, Suite 330
      Henderson, Nevada 89074
      *Attorneys for Plaintiff*

By: */s/ Bradley T. Austin*
Name: Bradley T. Austin, Esq.
      Nevada Bar No. 13064
      3883 Howard Hughes Parkway,
      Suite 1100
      Las Vegas, Nevada 89169
      *Attorneys for Defendant Equifax*
      *Information Services, LLC*

Dated this 30th day of April, 2018.
**LEWIS ROCA ROTHGERBER CHRISTIE, LLP**

Dated this 30th day of April, 2018.
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: */s/ J. Christopher Jorgensen*
Name: J. Christopher Jorgensen
      Nevada Bar No. 5382
      3993 Howard Hughes Parkway,
      Suite 600
      Las Vegas, Nevada 89169
      *Attorneys for Defendant Santander*
      *Consumer USA, Inc.*

By: */s/ Jason G. Revzin*
Name: Jason G. Revzin, Esq.
      Nevada Bar No. 8629
      6385 S. Rainbow Boulevard,
      Suite 600
      Las Vegas, Nevada 89118
      *Attorneys for Defendant TransUnion,*
      *LLC*

Dated this 30th day of April, 2018.
**NAYLOR & BRASTER**

By: */s/ Jennifer L. Braster*
Name: Jennifer L. Braster, Esq.
      Nevada Bar No. 9982
      Andrew J. Sharpless
      Nevada Bar No. 12866
      1050 Indigo Drive, Suite 200
      Las Vegas, Nevada 89145
      *Attorneys for Defendant Experian*
      *Information Solutions, Inc.*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
May 1, 2018
DATE